IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC., | ) ) |
| Plaintiff, | ) ) |
| v. | ) 11-3016 ) |
| DJT FIELDHOUSE, INC. and DANIEL R. ORSBORN, | ) ) ) |
| Defendants. | ) |

## OPINION

Plaintiff, G & G Closed Circuit Events, LLC., brought this action alleging that Defendants Daniel Orsborn individually and d/b/a and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub, and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub knowingly and willfully violated 47 U.S.C §§ 553 and 605 by unlawfully intercepting and exhibiting Affliction's Fedor Emelianenko v. Andrei Arlovski fight on January 24, 2009. Defendants have failed to answer the Complaint. United States Magistrate Judge Byron Cudmore entered default against Defendants on August 15, 2011. The matter is now before the Court on Plaintiff's Motion for Default Judgment in which Plaintiff seeks an award of

damages, attorneys, fees and costs.  See d/e 18 (the "Motion").  For the reasons that follow, the Motion will be GRANTED.

## FACTS

Plaintiff alleges that Defendants violated §§ 553 and 605.  Plaintiff cannot recover under both §§ 553 and 605 because those sections target two different types of piracy.  See United States v. Norris, 88 F.3d 462, 468 (7th Cir. 1996) (holding § 553 governs the interception of cable television programming traveling over a cable network, while § 605 governs the interception of programming as it travels through the air).  Plaintiff requests relief under § 605.

## ANALYSIS

1. Liability

Due to Defendants' failure to answer the Complaint, Defendants are deemed to have unlawfully intercepted the program and shown it to their patrons.  Joe Hand Promotions, Inc. v. Ewer, 2009 WL 3269658, at *1 (E.D. Wis. 2009).  Defendants are also deemed to have done so willfully and for the purpose of commercial advantage or private financial

gain. Id. Moreover, Defendant Orsborn has forfeited his ability to contest his personal liability for the violation alleged by Plaintiff, as Orsborn is deemed to have had the necessary supervisory control over the interception of the program and received the financial benefit of the same. Id. at *2 (citing J & J Sports Productions, Inc. v. Ribeiro, 562 F. Supp. 2d 498 (S.D. N.Y. 2008) (individual who was officer, director, shareholder, and/or principal of corporation that operated bar was liable in her individual capacity for the bar's unlawful interception and exhibition of a pay-per-view boxing match, where the individual had supervisory control over interception and received financial benefit therefrom)).

2. Damages

As a result of Defendants' default, they are deemed to have admitted the allegations in the Complaint and have willfully violated § 605 for the purposes of financial gain. Section 605(e)(3)(C)(i) allows the aggrieved party to elect the method by which to calculate damages. A party may elect to recover: (1) actual damages suffered by him and any

profits of the violator, or (2) statutory damages for each violation of § 605(a) of not less that $1,000 or more than $10,000. 47 U.S.C. § 605(e)(3)(C)(i). In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000 for each violation of § 605(a). 47 U.S.C. § 605(e)(3)(C)(ii).

    Plaintiff has elected to receive statutory damages rather than actual damages. Courts generally use one of two approaches to calculate statutory damages. One approach is to award statutory damages based on the number of patrons in the establishment at the time of the unauthorized interception. J & J Sports Productions Inc. v Ithier, 2010 WL 2490674, at *1 (E.D. Wis. 2010)  The other approach is to award a flat sum based on the rate the provider charged to establishments, which varies by the maximum occupancy ranges. Id.  It has been noted that "[w]hen the number of patrons at a defendant's establishment is known, most courts award damages under [Section] 605 based on the number of

patrons." J & J Sports Productions, Inc. v. Aguilera, 2010 WL 2362189, at *2 (N.D. Ill. 2010) (quoting J & J Sports Production, Inc. v. Ramirez, No. 08 C 3354, Minute Order at 1-2 (N.D. Ill. Sept. 18, 2008) (citing cases and basing award on baseline of $55 per patron)).

After reviewing the affidavits and exhibits in this case, the Court concludes that an award based upon the number of patrons at the bar establishment during the showing of the event is a sensible approach.[1] Here, the investigator did three counts of patrons and observed that there were 46, 38, and 42 patrons in the establishment. Therefore, the Court will use the average of the three counts, which is 42, to arrive at a statutory damage amount of $2,310.

With regard to enhanced damages, courts consider several factors, including the following: (1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4)

---

[1] The investigator's affidavit stated the Field House's maximum capacity was 250 people. The rate card submitted as an exhibit attached to Plaintiff's brief on damages shows that an establishment with a maximum capacity of 250 would have paid $1,200 to show the event. The Court notes that Plaintiff states the cost would have been $800. However, Plaintiff incorrectly bases this on the estimate of the actual number of patrons that were present rather than the maximum capacity.

whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event. J & J Sports Productions, Inc. v. Tu, 2008 WL 4833116, at *2 (N.D. Ill. 2008).

The record before the Court does not establish that Defendants advertised for the event or that they charged a cover charge on the night in question. In a somewhat similar case, a court determined that three times the cost of the plaintiff's program was an appropriate way to calculate enhanced damages. See J & J Sports Productions, Inc. v. Ithier, 2010 WL 2490674, at *2 (E.D. Wis. 2010). As stated, the cost of Plaintiff's program based on the maximum capacity of The Field House would have been $1,200. Therefore, the Court concludes that triple this amount, $3,600, is appropriate and a sufficient deterrent under the circumstances.[2]

Finally, Plaintiff seeks $1,509 in costs and attorneys fees under §

---

[2] An argument could be made that this case involves a repeat violator. See Joe Hand Promotions, Inc. v. Parlavecchio, No. 10-3294 (C.D. Ill. September 27, 2011) (order granting default judgment against Orsborn and other principals in the Field House, Inc. d/b/a Field House Pizza & Pub for the same conduct on a earlier date). However, Plaintiff did not make this argument and the Court will not do so on a Motion for Default Judgment.

605(e)(3)(B)(iii).  This amount is reasonable and supported by affidavit.

## CONCLUSION

THEREFORE, Plaintiff's Motion (d/e 18) is GRANTED.  It is ordered that judgment be entered in favor of Plaintiff and against Daniel Orsborn individually and d/b/a and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub, and DJT Fieldhouse, Inc. d/b/a Fieldhouse Pizza & Pub in the total amount of $7,419.

ENTERED: September 28, 2011.

FOR THE COURT:

         s/ Sue E. Myerscough         
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE